# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JULIA VAN VLIET, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COLE TAYLOR BANK, and ) <br> TOM WALLACE, individually, ) <br> ) <br> Defendants. ) <br> ) | Case No: 10 CV 3221 <br><br> Magistrate Judge Maria Valdez |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss Counts III and IV of the Complaint [hereinafter "Motion to Dismiss"] [Doc. No. 10]. Plaintiff's action arises under Title VII of the Civil Rights Act, 42 U.S.C. 2000 ("Title VII"), the Family Medical Leave Act of 1993, 29 U.S.C. 2601 ("FMLA"), and Illinois Common Law. On September 22, 2010, the parties consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons stated below, Defendants' Motion to Dismiss is GRANTED with leave to amend.

## BACKGROUND

On May 25, 2010, Plaintiff Julia Van Vliet ("Vliet") filed a complaint against Defendant Cole Taylor Bank ("CTB") and Defendant Tom Wallace ("Wallace") in the Northern District of Illinois, Eastern Division. *See* Complaint at 1 [Doc. No. 1]. Plaintiff alleges that Defendant CTB verbally disciplined her, revoked her lending authority, issued a final written warning and terminated her employment with CTB on the basis of her pregnancy and as a result of her

intention to take leave pursuant to the FMLA. *See Id.* at 4-7. Plaintiff brings three separate claims against CTB: pregnancy discrimination pursuant to Title VII of the Civil Rights Act (Count I); retaliation in violation of the FMLA (Count II); and discrimination in violation of the FMLA (Count III). *See Id*. Plaintiff also asserts a claim for defamation *per se* (Count IV) against both Defendants CTB and Wallace for statements Wallace made in the Plaintiff's final written warning. *See Id.* at 7-8.

In the present motion, Defendant CBT seeks to dismiss Count III of Plaintiff's Complaint (FMLA discrimination) as duplicative of Count II of Plaintiff's Complaint (FMLA retaliation). Defendants CBT and Wallace also seek to dismiss Count IV of Plaintiff's Complaint (Defamation), arguing that the Plaintiff's allegations are insufficient to state a claim for defamation *per se* or defamation *per quod*.

## **DISCUSSION**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of a complaint, not to decide the merits of a case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In determining whether to grant a Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded allegations in the complaint as true, and draws all reasonable inferences in the light most favorable to the plaintiff. *Killingsworth v. HSBC Bank,* 507 F.3d 614, 618 (7th Cir. 2007). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. Rule 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)). However, "a plaintiff's obligation to provide the grounds for entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Seventh Circuit has read the *Twombly* decision as imposing "two easy-to-clear hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests. Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concerta Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (internal citations and quotations omitted). In determining what "plausibly" means, the Seventh Circuit has held that "the complaint must establish a nonnegligible probability that the claim is valid; but the probability need not be as great as such terms as 'preponderance of the evidence' connote." *In re Text Messaging Antitrust Litigation*, --- F.3d ----, 2010 WL 5367383, at *6 (7th Cir. Dec. 29, 2010).

**Count III (Discrimination Claim under the FMLA)**

Defendants seek to dismiss Count III of Plaintiff's Complaint (Discrimination under the FMLA) as duplicative of Count II (Retaliation under the FMLA). Defendants argue that courts have the authority to dismiss duplicative claims if they allege the same facts, the same injury, and have the same requirement of proof. *See* Defendants' Memorandum of Law in Support of Their Motion to Dismiss Counts III and IV of the Complaint [hereinafter "Defendants' Memorandum"] at 4 [Doc. No. 11]. In support of their claim that the two counts are duplicative, Defendants

reference *Beringer*, a Northern District of Illinois case dismissing claims for negligence and breach of fiduciary duty. *Beringer v. Standard Parking O'Hare Joint Venture*, No. 07 C 5027, 2008 WL 4890501, at *4 (N.D. Ill. Nov. 12, 2008) ("As both counts involve the same operative facts, the same injury, and require proof of essentially the same elements, the court concludes that the two counts are duplicative"). Defendants argue that the instant case is analogous to *Beringer* as the Plaintiff's claims for retaliation and discrimination rely on the same operative facts and the same injury. Defendants' Memorandum at 3 [Doc. No. 11].

*Beringer* was a federal case involving duplicative state law claims. The issue here does not concern state law claims but the federal claims under the FMLA. Thus, the Court must determine whether the *Beringer* holding applies to potentially duplicative federal claims. As a starting point, it is a general principle that federal pleading standards apply even when the Court sits in diversity. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). Additionally, the concept of dismissal based on duplicative lawsuits involving federal claims has been addressed by the Seventh Circuit and has been found to be a potential ground for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Norfleet v. Stroger,* 297 Fed. Appx. 538, 540 (7th Cir. 2008) (suits may be duplicative and subject to dismissal if the parties, claims, facts and requested relief are substantially the same). Therefore, this Court finds that dismissal of a federal claim on the grounds that it is duplicative of another federal claim brought in the same lawsuit is proper under Rule 12(b)(6).[1]

---

[1] While pleading in the alternative is generally allowed under Rule 8(d)(2) of the Federal Rules of Civil Procedure, the Rule does not prohibit dismissal of duplicative claims. This is particularly so in light of Federal Rule of Civil Procedure 12(f), which gives the Court power to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Thus, a separate ground for dismissal of Count III is found in Rule 12(f).

In determining whether Count III is duplicative of Count II the Court looks to whether the parties, claims, facts and requested relief are substantially the same. *Norfleet v. Stroger,* 297 Fed. Appx. 538, 540 (7th Cir. 2008). Under the FMLA there are two types of claims. The Act makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided," 29 U.S.C. § 2615(a)(1); *Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 724-25 (2003); *King v. Preferred Tech. Group*, 166 F.3d 887, 891 (7th Cir.1999). These are the substantive rights under the Act. In addition to these substantive provisions, the FMLA makes it "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter," 29 U.S.C. § 2615(a)(2), and makes it unlawful for any employer to "discharge" or "discriminate" against anyone for taking part in proceedings or inquiries under FMLA. *Id*. § 2615(b). The last provisions have been found to create a cause of action for retaliation. *Kaufman v. Federal Exp. Corp*, 426 F.3d 880, 884 (7th Cir. 2005) (citing 29 U.S.C. § 2615(a)(1), (2)). The difference is that the discrimination/retaliation type of claim requires proof of discriminatory or retaliatory intent, while the interference/entitlement type of claim requires only proof that the employer denied the employee her entitlements under the FMLA. *Kaufman*, 426 F.3d at 884-885 (collecting cases).

The substantive allegation in Plaintiff's Count II (Retaliation in violation of the FMLA) is as follows:

> Defendant Cole Taylor knowingly, intentionally and willfully verbally disciplined Plaintiff, revoked her lending authority, issued her a final warning and, ultimately, terminated Plaintiff as a result of her intention to exercise her rights under the FMLA.

5

>Complaint at ¶26 [Doc. No. 1].

The substantive allegation of Count III (Discrimination in violation of the FMLA) is as follows:

> Defendant Cole Taylor knowingly, intentionally and willfully discriminated against Plaintiff in considering her intention to take FMLA leave in verbally disciplining her, revoking her lending authority, issuing her a final warning, and ultimately, terminating her.

>Complaint at ¶30 [Doc. No. 1].

Plaintiff contends that because FMLA retaliation and discrimination claims are subject to different standards of proof, they are not duplicative. *See* Plaintiff's Response in Opposition to Defendant's Motion to Dismiss [hereinafter "Plaintiff's Response"] at 3 [Doc. No. 17]. Plaintiff quotes *Breneisen v. Motorola, Inc.*, 512 F. 3d 972, 978-979 (7th Cir. 2008), where the court explained the different requirements of proof:

> The plaintiffs seek to prove that Motorola engaged in a campaign of discrimination and retaliation because they used FMLA leave. In doing so, they proceed under the direct method of proof. To show *discrimination* using this method, the plaintiffs must put forth evidence that the defendants subjected them to adverse employment actions because they exercised their rights under the FMLA. By contrast, the plaintiff can make out their charge of *retaliation* by offering evidence their employers took materially adverse actions against them because they used FMLA leave. Materially adverse actions are not limited to employment-related activities but include any actions that would dissuade a reasonable employee form exercising his rights under the FMLA.

> (emphasis added) (internal citations omitted).

Defendants respond by noting that in *Breneisen* the plaintiff asserted one claim of discrimination/retaliation and one claim of willful discrimination/ retaliation rather than two separate claims for retaliation and discrimination. *See* Defendant's Reply at 2 [Doc. No. 3]. In further support of their position, Defendants rely on *Goelzer v. Sheboygan County, Wisconsin*, 604 F.3d 987, 992 (7th Cir. 2010), where the court discussed the discrimination/retaliation claim

under the FMLA and indicated that it is construed "as stating a cause of action for retaliation."

Both the Plaintiff and the Defendants are correct. The Defendants are correct in that the Seventh Circuit has consistently held that there are only two types of claims under the FMLA; either an interference/entitlement theory or a discrimination/retaliation theory. *Goelzer,* 604 F.3d at 992; *Kaufmann v. Federal Express Corp.,* 426 F.3d 880, 884-85 (7th. Cir. 2005). In this case we are dealing only with an alleged violation of the FMLA under a discrimination/ retaliation theory.

The Plaintiff, likewise, is correct in that the Seventh Circuit has held that there are two ways to prove a discrimination/retaliation claim. Like the analysis under Title VII, a plaintiff may proceed under the direct or indirect methods of proof. *See Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 503 (7th Cir. 2004). To show discrimination under the direct method, a plaintiff must present evidence that her employer took an adverse employment action against her on account of exercising her rights under the FMLA. *See Breneisen,* 512 F.3d at 979. To show retaliation under the direct method of proof, the plaintiff must show that the employer took a materially adverse action against her but not necessarily an employment-related action. *Id.*

To establish an FMLA discrimination/retaliation case under the indirect method, plaintiff must show that after exercising her rights to the protected activity "[s]he was treated less favorably than other similarly situated employees who did not take FMLA leave, even though [s]he was performing h[er] job in a satisfactory manner." *Hull v. Stoughton Trailers, LLC*, 445 F.3d 949, 951 (7th Cir. 2006).

The Plaintiff argues that because of the differing levels of proof, depending on the method of proof, separating the claims is appropriate and not duplicative. However, separating

out the claim is redundant. Here, the Plaintiff has alleged a discrimination/retaliation claim set out in two separate counts – Count II and Count III. The same injury is alleged under both Count II and Count III, that the Plaintiff was terminated from her job and has suffered harm as a result. Complaint at ¶¶ 26-27, 30-31 [Doc. No. 1]. The same facts against the same defendant are alleged in both Counts II and Counts III, that the Defendant Cole Taylor terminated her in retaliation or by discriminating against her for exercising her rights under the FMLA. Complaint at ¶¶ 26, 30 [Doc. No. 1]. And the same remedy is requested under both counts. Complaint at ¶¶ 27, 31 [Doc. No. 1]. As a result, Count III is duplicative of Count II.

For the reasons stated above, the Defendants' motion to dismiss Count III is granted. Leave will be granted to allow plaintiff to amend Count II to include any allegation of discrimination under the FMLA Plaintiff believes is necessary to maintain a discrimination/retaliation theory.

**Count IV (Defamation)**

Next, Defendants seek to dismiss Plaintiff's defamation claim (Count IV). Defendants argue that the Plaintiff fails to state a claim under either defamation *per se*, which includes statements that are so obviously defamatory that proof of special damages is unnecessary, or defamation *per quod*, which includes statements that require proof of special damages. *See* Defendants' Memorandum at 4 [Doc. No. 11] (citing *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 924 (7th Cir. 2003)).

    **a. Defamation *Per Se***

Defendants argue that Plaintiff cannot state a claim for defamation *per se* because, under the innocent construction rule followed in Illinois, Defendant Wallace's statements can be innocently construed and thus are non-defamatory as a matter of law. Defendants' Memorandum at 4-5 [Doc. No. 11]. In the alternative, Defendants assert that the alleged defamatory *per se* statements are protected by qualified privilege. *Id.*

Illinois courts recognize five types of statements that are considered defamatory *per se*; two are pertinent in this case: (1) "words that impute a person is unable to perform or lacks integrity in performing her or his employment duties"; and (2) "words that impute a person lacks ability or otherwise prejudices that person in her or his profession." *Solaia Tech., LLC v. Specialty Pub. Col.,* 221 Ill. 2d 558, 580 (Ill. 2006). Even if a statement falls into a recognized category of defamation *per se*, "it will not be found actionable *per se* if it is reasonably capable of an innocent construction." *Bryson v. News America Publications, Inc.,* 174 Ill. 2d 77, 90 (Ill. 1996). Whether a statement is reasonably capable of an innocent construction is a question of law for the court to decide. *Anderson v. Vanden Dorpel*, 172 Ill. 2d 399 (Ill. 1996); *Chapski v. Copley Press,* 92 Ill. 2d 344, 352 (Ill. 1982).

To determine if a statement is reasonably capable of an innocent construction, courts must "consider a written or oral statement in context, giving the words, and their implications, their natural and obvious meaning." *Bryson,* 174 Ill. 2d at 90. "[I]f a statement is capable of two reasonable constructions, one defamatory and one innocent, the innocent one will prevail." *Muzikowski*, 322 F. 3d at 924-925 (citing *Anderson*, 217 Ill 2d at 720). However, courts are not required to "'strain to find an unnatural innocent meaning for a statement when a defamatory meaning is far more reasonable.'" *Muzikowski v. Paramount Pictures Corp.*, 477 F.3d 899, 906

(7th Cir. 2007) (quoting *Tuite v. Corbitt,* 224 Ill. 2d 490, 505 (Ill. 2006)). The Illinois Supreme Court acknowledges that the innocent construction rule favors defendants in *per se* actions, but concludes that "the tougher standard [is] warranted in those cases because damages are presumed." *Tuite v. Corbitt,* 224 Ill. 2d 490, 504 (Ill. 2006).

There are four disputed statements in this case made by Defendant Wallace in Plaintiff's final written warning:

> a. That Plaintiff has retained "marketable securities" as "collateral for certain transactions" without reflecting those securities "on the collateral summary for management;"
>
> b. That Plaintiff had "mistakenly repeated" stress tests on the annual review for the "same property multiple times;"
>
> c. That Plaintiff had not identified "to the bank's management team the level/ range of potential loss in [the Hobbs] portfolio (prior to guarantor support) given the very poor condition of the properties and general lack of management over the site;"
>
> d. That Plaintiff had failed to verify the status of insurance coverage for a Hobbs property which had had a fire and that the "status of [the] insurance claim" on that property remain "unknown."

Complaint at ¶16 [Doc. No. 1].

Even if Defendant Wallace's statements can be interpreted to fit within one of the defamation *per se* categories as Plaintiff asserts, if a reasonable innocent construction is possible, that meaning controls. *See Anderson*, 172 Ill. 2d at 412-413 ("The rigorous standard of the modified innocent construction rule favors defendants in *per se* actions in that a nondefamatory interpretation must be adopted *if* it is *reasonable*") (emphasis in original).

The Court's inquiry is whether there is a reasonable, innocent construction of Defendant Wallace's words. Plaintiff argues that the only reasonable interpretation of these statements is

defamatory. Plaintiff explains that the first statement "accused Plaintiff of engaging in potentially fraudulent behavior or, at a minimum, lying to and deceiving the Bank's management." Plaintiff's Response at 5 [Doc. No. 17]. Plaintiff elaborates that the rest of the statements "were clearly intended to convey that Plaintiff had either intentionally failed to do her job or, at a minimum, was woefully negligent with respect to a number of specific responsibilities." Plaintiff's Response at 7-8 [Doc. No. 17]. Defendant counters that these statements could be innocently construed "to mean simply that Plaintiff did not fit with the organization of CTB and failed to perform well in that particular job setting." Defendant's Reply at 3 [Doc. No. 19].

This Court finds that Defendant Wallace's statements can be reasonably innocently construed. All of the statements can be construed to mean that the Plaintiff had performance failures in this particular job; rather than having a general inability to perform in other, future positions. Illinois case law supports an innocent construction in comparable situations. *See Hach v. Laidlaw Transit*, No. 02 C 996, 2002 WL 31496240, at *3 (N.D. Ill. 2002) (finding that the allegedly defamatory statements [e.g., Plaintiff's management style and attitude "was that of a victim and not of a winner;" plaintiff's operating results "were dwindling;" plaintiff's management "destroyed the previously healthy working relationship"] are context-specific and do not impute a general inability to perform comparable work in some other setting); *Anderson*, 172 Ill. 2d at 413 (finding that defendant's statement that plaintiff did not follow up on assignments could be reasonably innocently construed "to mean simply that the plaintiff did not fit in with the organization of the employer making the assessment and failed to perform well in that particular job setting, and not as a comment on her ability to perform in other, future

11

positions"); *Dunlap v. Alcuin Montessori School*, 298 Ill. App.3d 329, 339 (1st Dist. 1998) (finding that a letter regarding the plaintiff's termination stating that there had been "a total breakdown of trust and confidence between [plaintiff] and the Board" and that the plaintiff was "not satisfactorily performing her duties" may be reasonably construed as an assessment of the plaintiff's failure to perform in the employer's particular job, as opposed to an inability to perform in future positions); *Taradash v. Adelet/ Scott-Fetzer Co.*, 260 Ill. App. 3d 313, 317-318 (1st Dist. 1993) (finding that the statement regarding the plaintiff's "lack of performance" did not necessarily attack the plaintiff's ability to perform, but rather, could be innocently construed).

Plaintiff asserts that the present case is more comparable to *Patlovich v. Rudd*, 949 F. Supp. 585 (N.D. Ill. 1998) and *Mittleman v. Witous*, 135 Ill. 2d 2020, 246-7 (Ill. 1989), abrogated on other grounds by *Kuwik v. Starmark Star Mktg. and Admin., Inc.,* 156 Ill. 2d 16 (Ill. 1993). In *Patlovich*, the court found that a statement regarding a physician's attempt to cover up the loss of a tissue sample could not be innocently construed. *Patlovich v. Rudd*, 949 F. Supp. 585, 593 (N.D. Ill. 1998). Likewise, in *Mittleman*, the court found that a statement regarding a law partner mishandling a case by knowingly missing a statute of limitations could not be innocently construed. *Mittleman v. Witous*, 135 Ill. 2d 2020, 246-47 (Ill. 1989). However, the statements in this case do not rise to the same level present in both *Patlovich* and *Mittleman*. In those cases the accusations of intentional unethical conduct or professional malpractice go beyond general performance failure in the particular job at issue. As a result, *Patlovich* and *Mittleman* in opposite.

This Court finds that Defendant Wallace's statements in Plaintiff's final written warning are subject to a reasonable innocent construction, and thus Plaintiff cannot state a defamation

action *per se*. Accordingly, this Court need not address the issue of whether the statements are protected by qualified privilege.

The issue now becomes whether the Plaintiff has pled, with specificity, extrinsic facts and special damages sufficient to support a defamation action *per quod*.

### b. Defamation *Per Quod*

To maintain an action for defamation *per quod*, a plaintiff must allege extrinsic facts to prove the defamatory nature of the statement and "plead specific damages of actual financial injury." *Muzikowski v. Paramount Pic. Corp.*, 322 F.3d 918, 927 (7th Cir. 2003), citing Fed.R.Civ.P. 9(g); *Anderson*, 172 Ill. 2d at 416 (citing *Rosner v. Field Enterprises, Inc.,* 205 Ill. App. 3d 769, 790 (1990)).

Here, Plaintiff has pleaded that she consistently met and exceeded the bank's expectations during her employment with CBT; that she received a significant promotion to Senior Vice President; and that she received a considerable raise. Complaint at ¶¶ 7-8 [Doc. No. 1]. Further, the Complaint alleges that on or around April 1, 2009, Plaintiff told her supervisor, Defendant Wallace, that she was pregnant. *Id.* at ¶ 9. The Complaint also states that on or around May 13, 2009, Plaintiff contacted Human Resources to inquire about using FMLA leave for her pregnancy. *Id.* at ¶ 12. In addition, the Complaint alleges that on that same day, Defendant Wallace disciplined Plaintiff verbally and revoked her lending authority, which was the first time in her career that Plaintiff had ever been disciplined or had her lending authority revoked. *Id.* at ¶ 13. Finally, the Complaint alleges that on May 26, 2009, Defendant Wallace issued a final written warning and terminated her from her position. *Id.* at ¶ 15. From these extrinsic facts, a

13

trier of fact could infer that the statements Defendant Wallace made in the final written warning were defamatory.

The Plaintiff, however, has not adequately pled special damages. Plaintiff tries to meet this requirement by pointing to her allegation that she "was terminated as a result of the statements contained within the final written warning which, of course, indicates that not only did she lose her job but that she also lost her source of income." Plaintiff's Response at 10 [Doc. No. 17]. Vague allegations such as this are not sufficient to establish special damages. S*ee Anderson*, 172 Ill. 2d at 416 (citing *Schaffer v. Zekman*, 196 Ill. App. 3d 727, 733 (1st Dist. 1990)); *Taradash*, 260 Ill. App. 3d at 318 (finding that "[g]eneral allegations of damages, such as damages to an individual's health or reputation or general economic loss, are insufficient to state a claim of defamation *per quod*"). Therefore, this Court finds that Plaintiff has not adequately pled an action for defamation *per quod*. Accordingly, this Court grants Defendant's Motion to Dismiss Count IV (Defamation) without prejudice. Plaintiff is given leave to amend Count IV to allege special damages.

## **CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss [Doc. No. 10] is GRANTED. Count III is dismissed and Count IV is dismissed with leave to amend. Plaintiff is given further leave to amend Count II consistent with this Order. An amended complaint must be filed within fourteen (14) days of this Order.

**SO ORDERED.**  ENTERED:

**Dated: January 18, 2011**

_____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**